[Civ. No. 7456. Second Appellate District, Division One.—January 31, 1933.]

MAUDE L. BARNES BRIDGE, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Appellant.

Samuel H. Weissberg and Arthur T. Stollmack for Appellant.

A. Brigham Rose and Bernard Considine for Respondent.

HOUSER, J.—On the trial of this action in the lower court, New Amsterdam Casualty Company, a corporation, and James Cochran, Robert Seanor and Milton Shafer, each as an individual, were the defendants. From the judgment which was rendered in favor of plaintiff, two separate appeals were taken; one by all the individual defendants and the other by New Amsterdam Casualty Company. The pertinent facts as they appear from the record, together with a decision as to the law affecting the points which are applicable to all the defendants, are set forth in the opinion of this court filed in the appeal presented by the individual defendants Cochran, Seanor and Shafer. The following opinion relates to those legal questions which arise from the facts of the case which concern New Amsterdam Casualty Company only.

It is first urged by this appellant that since it appears that its relationship with its agents Cochran, Seanor and Shafer was evidenced by a written agreement, the entire scope of the agency was necessarily governed, restricted and limited by the provisions of such agreement; and consequently, on the trial of the action, that it was prejudicial error on the part of the trial court to admit evidence which had a ten-

dency to enlarge, or to modify, or in anywise to alter the scope of the powers of the agents, as expressed in the written agreement of the parties; and thereupon to instruct the jury with reference thereto.

It may be that in the absence of the usual and ordinary exceptions to the rule which assumes that the provisions of a written contract correctly and finally express the agreement of the parties thereto,—as between the immediate parties to a contract of agency, the principle of law for the application of which to the facts herein appellant contends, would be applicable. But as between the principal to such a contract and third persons, who, in good faith, in the usual course of business, and on general appearances permitted or encouraged to exist by the parties to the contract, may deal with the acknowledged agent in ignorance of the limitations or the restrictions on the powers of such agent, the general effect of the rule is that the secret provisions of any contract between the principal and the agent are of no consequence; nor have they any binding force. ▆ And so, in the absence of some special reason by which third persons who deal with the agent are required to make inquiry regarding the powers of the latter, it is firmly established in the law that, notwithstanding the existence of a written contract between the principal and the agent by the provisions of which the rights, powers, obligations and duties of the respective parties thereto are carefully defined and strictly limited,—in an action against the principal in which the rights of such third parties are involved or in issue, evidence is admissible which tends to broaden or to increase the power of the agent as expressed in the written contract, and thus create a liability on the part of the principal greater than that contemplated by the provisions of the written agreement respecting such agency. (2 Cor. Jur. 564, 920, and authorities there cited.) Manifestly, in such circumstances, the question of the existence of alleged enlarged or more inclusive powers of the agent is one of fact; and when the issue with reference thereto is to be submitted to a jury for its determination, it becomes the imperative duty of the trial judge to instruct the jury as to the law governing the situation.

In the same connection, a question submitted by appellant as to whether in reality the so-called agents in fact were

"independent contractors" is subject to similar observations. The legal relationship which exists between the parties primarily should be determined from the evidence as to the facts, subject to the application thereto of established principles of law.

The remaining points presented by the appellant are founded upon the assumed insufficiency of the evidence to support the implied finding of fact by the jury that in the transaction which forms the basis for the action at bar, the individual defendants therein acted as the agents of the appellant. In that regard, among other details not herein set forth, there should be taken into consideration the pertinent facts which are mentioned in the companion appeal to which reference hereinbefore has been had, together with the following facts which also appear in the record of this appeal, to wit: That the appellant agreed to execute bail bonds at the request of the agents, provided that the total outstanding penalties on all such bail bonds should not exceed a ratio of four-to-one on the amount of cash collateral deposited by the agents with the appellant, varying according to the different types of cases; that the appellant reserved the right to refuse to execute any bail bond which it did not consider desirable business; that the agents agreed to collect premiums on the bail bonds and to remit the same to the appellant; that the agents further agreed to investigate the moral hazard of all applicants for such bail bonds and guaranteed the payment of the premiums thereon; that, as a matter of fact, the bond company furnished to the agents blank "executed" bail bonds, and gave to the agents authority to "fill in" the blanks in such bonds with the necessary names, amounts for which such bonds were given, dates of such bonds, etc.; that in and by the provisions of the indemnity bond of plaintiff by which appellant was indemnified from any loss, etc., which appellant might sustain in the premises, it was also provided "that this instrument shall protect in the name of the surety any and all surety or reinsurance companies which may assume reinsurance upon said bond or continuations or renewals thereof"; that coincident with the execution of the bond which plaintiff gave to this appellant, she also executed her promissory note and her deed of trust in favor of the agents of this appellant. At the same time and place a so-called "col-

lateral receipt'' was executed by the agents and given to plaintiff. By the provisions of the instrument prepared by the agents, signed by the plaintiff only, and denominated a ''mutual release'', at least the understanding on the part of the agents to the effect that throughout the entire transaction the agents were acting on behalf of this appellant and within the scope of their authority, is clearly made to appear.

When all the foregoing facts are given weight, together with such inferences as fairly are deducible therefrom, it is the opinion of this court that they form a sufficient foundation upon which may legally rest the verdict of the jury and the ensuing judgment of which this appellant complains.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.